IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

SEYED MOUSSAVI, *et al.*,   *

    Plaintiffs,   *

v.   Case No.: GJH-15-2094

    *

JP MORGAN CHASE BANK, N.A.,
*et al.*,   *

    Defendants.   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The Court previously issued a Memorandum Opinion and Order in this case on August 19, 2016, dismissing three counts in Plaintiffs' Complaint without prejudice, with a fourth count dismissed with prejudice. Plaintiffs were given fourteen days to file an amended complaint and were then granted an extension until September 23, 2016. More than five months passed without any additional filings from Plaintiffs and the Court issued an Order on March 3, 2017, dismissing the case with prejudice. ECF No. 18. On March 10, 2017, Plaintiffs filed the presently pending Motion for Extension of Time to Amend and Replace Counsel, ECF No. 19. Plaintiffs' counsel also filed a Motion to Withdraw as Attorney, ECF No. 22, and a Motion to Expedite Withdrawal of Attorney, ECF No. 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Plaintiffs' Motion for an Extension is denied, and the remaining motions are denied as moot.

**I.    BACKGROUND**

Plaintiffs Seyed and Mary Moussavi originally filed a four-count Complaint in this Court against Defendants JP Morgan Chase Bank N.A., Chase Loan Servicing, and Hudson City

Savings Bank, alleging i) mortgage fraud, ii) common law fraud, iii) violation of the Maryland Consumer Protection Act, Md. Code. Com. Law § 13-101 *et seq.*, and iv) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ECF No. 1. The Court issued an Opinion on August 19, 2016, dismissing the first three counts without prejudice, and the fourth count with prejudice. ECF No. 14. The Court allowed Plaintiffs fourteen days to file an Amended Complaint. ECF No. 15. The parties jointly moved for a three-week extension of time on September 2, 2016, stating that "[t]he parties are discussing a potential resolution of this matter," and "[t]he parties believe the requested extension will facilitate these discussions." ECF No. 16 at 1.[1] The Court issued a Paperless Order granting the motion and extended the deadline for Plaintiffs to file an Amended Complaint to September 23, 2016. ECF No. 17. After more than five months elapsed without the filing of an Amended Complaint, an additional request for extension of time, or any activity of any kind on the docket, the Court dismissed the case with prejudice on March 3, 2017. ECF No. 18.[2]

After the Court's final order was entered, Plaintiffs filed a motion on March 10, 2017, requesting an "extension of time to amend and replace counsel." ECF No. 19. Plaintiffs stated that they had originally sought an extension of time "because it was expected that the parties would either settle this case or amend the complaint, if settlement negotiations fail." ECF No. 19 ¶ 2. They further asserted in their Motion that the purpose of the settlement negotiations were to obtain a loan modification from Defendants, but "despite Moussavi's counsel's numerous efforts to pressure the [D]efendants to be expeditious with their loan modification process because of litigation, the Defendants took well over 6 months to consider Moussavi for a loan

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] The Court's chambers emailed the parties on September 26, 2016 and was informed that the parties were still in settlement negotiations. ECF No. 19 at 1. Nothing was filed on the docket, however, and even this exchange, initiated by the Court, occurred after the filing deadline passed.

2

modification." *Id.* ¶ 4. Plaintiffs now wish to "proceed with the case and replace counsel." *Id.* ¶ 7; *see also* ECF No. 22; ECF No. 24.[3] Defendants oppose the Motion for Extension of Time, arguing that time to amend the Complaint has expired and amendment would be futile. ECF No. 20.

## II. ANALYSIS

A motion to extend time filed after the passing of a deadline would typically be governed by Federal Rule of Civil Procedure 6(b). But in addition to being filed post-deadline, Plaintiffs' motion was also filed post-judgment. Thus, to even entertain Plaintiffs' motion to extend time, and, ultimately, to amend the complaint, the Court would first have to vacate its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Calvary Christian Ctr. v. City of Fredericksburg, Va.*, 710 F.3d 536, 539 (4th Cir. 2013) (addressing post-judgment motion to amend).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). (citation omitted). Under Rule 59(e), a party may to file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e); *see also Ford v. United States*, No. GJH-11-3039, 2016 WL 3430673, at *1 (D. Md. Mar. 16, 2016). The Court may alter or amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co.*, 148 F.3d at 403). Under Rule 60(b), the Court may relieve a party from an adverse judgment if the party shows (1)

---

[3] Plaintiffs' counsel, Ms. April Ademiluyi, has moved to withdraw her appearance from the action. ECF No. 22. Ms. Ademiluyi attests that she has advised her client about discontinuing the representation, and the client has agreed to hire new counsel. *Id.* at 1. Ms. Ademiluyi has also filed a motion to expedite her withdrawal. ECF No. 24.

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

However, the Fourth Circuit has made clear that in cases of requests to amend the complaint, "[t]o determine whether vacatur is warranted . . . the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011). Here, had Plaintiffs filed their motion for extension of time to amend prejudgment, the motion would have been denied pursuant to Federal Rule of Civil Procedure 6(b)(1)(B).

Rule 6(b)(1) states that "when an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Thus, because Plaintiffs did not file the motion to extend time until after time expired, they must demonstrate excusable neglect. "Excusable neglect is not easily demonstrated." *Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014). "A party that fails to act with diligence will be unable to establish that [its] conduct constituted excusable neglect." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (interpreting excusable neglect in the context of Federal Rule of Civil Procedure 60(b)(1)).[4] Indeed, "'[a] district court should find excusable neglect only

---

[4] Excusable neglect has been found to have the same meaning throughout the Federal Rules of Civil, Appellate and Bankruptcy Procedure. *See Martinez*, 578 F. App'x at 194.

in the *extraordinary cases* where injustice would otherwise result.'" *Ward v. Branch Banking & Trust Co.*, No. CV ELH-13-1968, 2016 WL 4492706, at *5 (D. Md. Aug. 25, 2016) (quoting *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 532 (4th Cir 1996)) (emphasis in *Thompson*). "[A] mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing." *Id.*

Here, Plaintiffs claim that the failure to amend the complaint was due to on-going but failed settlement discussions. ECF No. 19 at 1. But there is nothing extraordinary about such a circumstance; and Plaintiffs acknowledge that their excuse, ultimately, is no more than palpable oversight or administrative failure, as they concede that "[w]e should have asked the court to stay the case." ECF No. 21-1 at 1. In short, failed settlement discussions do not excuse noncompliance with the Court's deadlines, considering that Plaintiffs could have requested additional extensions of time or a stay of the case, if necessary, but instead, merely allowed the case to remain dormant for over five months, until the Court *sua sponte* issued its dismissal order. Therefore, the Court will deny Plaintiffs' Motion.

### III. CONCLUSION

For the foregoing reasons, the Motion for Extension of Time to Amend and Replace Counsel, ECF No. 19, is denied. The Motion to Withdraw as Attorney, ECF No. 22, and Motion to Expedite Withdrawal of Attorney, ECF No. 24, are denied as moot. A separate Order shall issue.

Date: April 6, 2017

GEORGE J. HAZEL
United States District Judge