# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

SEYED MOUSSAVI, *et al.*,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A., *et al.*,

    Defendants.

Case No.: GJH-15-2094

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion and Order addresses Plaintiffs' Motion for Reconsideration of the Order Denying Extension of Time to Amend Complaint, ECF No. 27. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Reconsideration is denied.

The Court issued its first Opinion in this case on August 19, 2016, granting Defendants' Motion to Dismiss for Failure to State a Claim, but allowing Plaintiffs fourteen days to file an Amended Complaint. ECF No. 14; ECF No. 15. The parties subsequently agreed to extend this deadline by three weeks, stating that "[t]he parties are discussing a potential resolution of this matter," and "[t]he parties believe the requested extension will facilitate these discussions." ECF No. 16 at 1.[1] The Court thus extended the deadline for Plaintiffs to file their Amended Complaint until September 23, 2016. ECF No. 17.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiffs did not submit an Amended Complaint by the September 23, 2016 deadline, however, nor did Plaintiffs move for a second extension of time. As a courtesy, the Court's chambers emailed counsel on September 26, 2016, inquiring as to the status of the case. ECF No. 21-1 at 6. Plaintiffs' counsel replied to chambers, stating that "[w]e are still engaged in settlement negotiations, so we will need to seek additional time." ECF No. 21-1 at 6. But Plaintiffs did not file a motion seeking additional time. In fact, more than five months passed by without any activity of any kind on the docket. The Court finally dismissed the case with prejudice on March 3, 2017. ECF No. 18.

After the Court's final order was entered, Plaintiffs filed a Motion on March 10, 2017, requesting an "extension of time to amend and replace counsel." ECF No. 19. Plaintiffs explained that they had originally sought an extension of time "because it was expected that the parties would either settle this case or amend the complaint, if settlement negotiations fail." ECF No. 19 ¶ 2. However, they complained that "Defendants took well over 6 months to consider Moussavi for a loan modification," which was the stated purpose of the settlement negotiations. *Id.* ¶ 4. In support of their Motion, Plaintiffs attach several emails between Plaintiffs' counsel and Defendants' counsel — to which the Court was not copied — stating in one email on December 13, 2016, "[t]he District Court has not bothered us, so I'm not sure where we are with time." ECF No. 21-1 at 4.

In consideration of Plaintiffs' Motion for Extension of Time, the Court found that nothing was extraordinary about unsuccessful settlement negotiations, and that Plaintiffs' excuse ultimately amounted to no more than palpable oversight or administrative failure. ECF No. 25 at 5. The Court reasoned that failed attempts at settlement do not excuse noncompliance with the Court's deadlines, especially considering that Plaintiffs could have requested additional

extensions of time or a stay of the case, but failed to do either. *Id.* Therefore, the Court denied Plaintiffs' Motion for Extension of Time on April 6, 2017. *Id.* Now, Plaintiffs have moved for reconsideration of the Court's decision. ECF No. 27. Plaintiffs state that "the Court missed the December 13, 2016 email . . . where Moussavi[s'] counsel sent [a message] to opposing counsel stating she was under the impression the Court was giving the parties time to negotiate a settlement but was unaware of how much time [they] had to negotiate." ECF No. 27 ¶ 2. Plaintiffs further protest that "[h]ad the Court given a new time frame or replied, Counsel would have complied." *Id.* ¶ 3.

In sum, Plaintiffs claim that the "Court is missing the point." ECF No. 27 at 2. It is Plaintiffs who miss the point. When, as a courtesy, the Court's chambers contacted counsel to inquire as to the status of the Amended Complaint, the Court-imposed deadline for amending the complaint had already passed. Thus, on that date, rather than sending a courtesy email from chambers, the Court would have been well within its discretion to dismiss the case absent a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1); *see also* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007). Plaintiffs' counsel responded to the Court's chambers, stating that "we will need to seek additional time." ECF No. 21-1 at 6. However, that additional time was never sought, and five full months elapsed before the Court took action. Even Plaintiffs' December 13, 2016 email, which Plaintiffs point to as indicating their belief that they were not "sure where we are with time," ECF No. 21-1 at 4, was sent approximately three months before the Court finally

3

dismissed the case with prejudice. Nothing in Plaintiffs' "attached evidence," which was already reviewed and considered in the Court's April 6, 2017 Memorandum Opinion, changes this calculus.

In sum, it is not the job of the Court to monitor deadlines and requests for extensions or stays. It is the job of the parties. Plaintiffs missed the September 23, 2016 deadline for amending the complaint. As indicated in the Court's prior opinion, this is not an "extraordinary case" where excusable neglect can be found. ECF No. 25 at 5. Indeed, mere confusion cannot and will not establish excusable neglect in this case. *See, e.g., Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 96 (4th Cir. 1997) (affirming district court's dismissal because procedural confusion was not an acceptable reason for neglect); *Brandon v. Marsh*, 943 F.2d 48, at *2 (4th Cir. 1991) (affirming district court's denial of motion for relief from judgment where "the record before the court was a blank page for fifteen months, and counsel was not forthcoming with an acceptable reason for this inactivity"); *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 792 (E.D. Va. 2013) (finding that counsel's confusion was "beyond the realm of excusable neglect"). Moreover, nothing in Plaintiffs' Motion for Reconsideration suggests that "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Turner v. Kight*, 217 F. Supp. 2d 680, 681 (D. Md. 2002) (listing justifications for granting a motion for reconsideration). Accordingly, the Motion for Reconsideration is denied. A separate Order shall issue.

Date: May 9, 2017

GEORGE J. HAZEL
United States District Judge

4